## Control of State Police

MARGIOTTI, Attorney General, September 11, 1936.— We have your request to be advised upon the following two questions:

"On many occasions and also during labor disturbances, sheriffs of counties have called upon the State Police for assistance, indicating the situation was beyond control, and with the approval of the Governor such assistance was furnished. Under such circumstances, shall the State Police act under the instructions of the sheriff or shall the State Police act under instructions of their superior officer carrying out the policy of the Governor, assuming that the known policy of the Governor does not coincide with the known policy of the sheriff?

"Should the State Police, on arrival at the scene of the disorder, learn that the measures taken by the sheriff did not adequately cover the situation as regards the preservation of law and order, or, in the opinion of the State Police officer in charge, were too harsh or burdensome, are the State Police authorized to act independent of such sheriff?"

In order to answer your questions it is necessary to ascertain the powers and rights of both the Governor of the Commonwealth and the sheriff of the individual county where the disturbance is located.

Article IV, sec. 2, of the Constitution provides that:

"The supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed. . . ."

Under article IV, sec. 7, the Governor is constituted the "commander-in-chief of the army and navy of the Commonwealth, and of the militia, except when they shall be called into the actual service of the United States".

Under section 701(a) of The Administrative Code of April 9, 1929, P. L. 177, one of the duties of the Governor is: "To take care that the laws of the Commonwealth shall be faithfully executed".

Throughout the Commonwealth the Governor is the highest civil as well as military authority to safeguard

life and property and preserve law and order. All other police officers, including sheriffs of the several counties, wherever located, are subordinate to him.

As to the power of the sheriff, we must remember that at common law the sheriff was under the Crown. However, under our Constitution the sheriff is under the Governor. Both the Governor and the sheriff are charged with the duty of preserving life and property; the Governor over the entire Commonwealth; the sheriff in the particular locality over which he has jurisdiction, subject, however, to the authority of the supreme executive power which is vested in the Governor.

The sheriff is the chief peace officer of an individual county, and it is his duty to preserve order and see that the laws are faithfully executed. However, when a disturbance reaches the point that the sheriff believes it is beyond his control, it is his right to call upon the Governor for assistance. This assistance the Governor may give by sending into the locality the National Guard, the State Police, or both, who will act as his agents in the preservation of law and order. When the sheriff calls upon the Governor for assistance, and admits the situation is beyond his control, he is thereby asking the chief executive of the Commonwealth to take charge of the situation, and by so doing he steps aside and is subservient to the acts and orders of the chief executive, acting through his agents, the National Guard or State Police, or both. However, in such case it is the sheriff's duty to coöperate in the preservation of law and order.

Under section 710 of The Administrative Code of 1929, P. L. 177, the powers of the State Police are defined as follows:

"The Pennsylvania State Police shall have the power, and its duty shall be:

. . . . . . . . .

"(b) To assist the Governor in the administration and enforcement of the laws of the Commonwealth, in such

manner, at such times, and in such places, as the Governor may from time to time request".

It is clear from the above quotation that the Governor may send the State Police into any locality where law and order is not being preserved; and that, when he does so, the State Police are acting for the Governor and at his direction.

Since the duty to preserve law and order in the county is primarily vested in the sheriff, the policy of the Governor should be that the State Police should not interfere with the said authority, unless their assistance is specifically requested. Where a disturbance occurs in any county and the sheriff desires that the State Police be sent there, the Governor should require that the sheriff of the particular county make the request for aid, which request should clearly specify that the situation is beyond his control and that the sheriff specifically asks the Governor to take charge of the situation by sending in the State Police, the National Guard, or both.

Therefore, in response to your first inquiry, you are advised that when the sheriff of a particular county calls upon the State Police for assistance in preserving law and order, such request should be addressed to the Governor, and that the State Police should act under the instructions of their superior officer who is carrying out the policy of the Governor.

In answer to your second question: If the State Police, upon their arrival at the scene of disorder, learn that the measures taken by the sheriff to preserve law and order are not adequate, or that such measures are too harsh or burdensome, or that law and order can be better preserved by other means, it is the duty of the State Police to formulate and carry out their own orders as to how the situation must be handled, and in so doing they may act independently of the sheriff. It may be that, upon arrival of the State Police at the scene of the disorder, they find the sheriff has issued a proclamation defining the activities of persons in and about the scene of the disorder, or has

issued orders as to the manner in which peace officers and others must conduct themselves. The sheriff, by proclamation, can in no way limit the superior authority of the Governor; and his agents, the State Police, are not bound thereby, but may perform their duty in such manner and make regulations for the conduct and activities of persons in and about the scene of disorder as they, in their discretion, deem proper.

It has not been the policy of the Commonwealth to interfere with local authorities in enforcement of the laws and the handling of local officers, unless assistance is asked in the manner above outlined. However, the Governor, as the chief executive officer and the highest civil and military authority within the Commonwealth, may, at any time that he believes the enforcement of the law and the preservation of peace and order is being handled inadequately, or that the interests of the public demand it, supersede the local sheriff, and send in the State Police to take charge of the situation. In such cases, the local officers and authorities are likewise subservient to him and his orders and his representatives, and the State Police are not bound by any proclamation or other order that the sheriff may issue.

From Frederic Ray, Harrisburg.